UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 08-cr-00364-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ALDEN YELLOWEAGLE,

    Defendant.

## ORDER

THIS MATTER came before the Court during a hearing on December 22, 2008 on Defendant Alden Yelloweagle's Resubmitted Motion to Dismiss Indictment Based upon Commerce Clause Violations [doc. #20, file October 16, 2008] and Motion to Dismiss Indictment Based upon Colorado's Failure to Implement the Sex Offender Registration and Notification Act, Due Process Violations, Violation of the Non-Delegation Doctrine, and Tenth Amendment Violations [doc. #17, filed October 9, 2008]. After considering the motions and responses thereto and the arguments advanced at the December 22, 2008 hearing, I enter the following written Order.

Defendant Alden Yelloweagle faces a two-count indictment for knowingly failing to register and knowingly failing to update his registration as a sex offender in the State of Colorado, all in violation of the Sex Offender Registration and Notification Act (SORNA), specifically 18 U.S.C. §2250(a). On March 29, 2005, Defendant was convicted of Abusive Sexual Contact, in violation of 18 U.S.C.§ 2244(a)(2).

Defendant moves to dismiss the indictment based on six different grounds: 1) Colorado's failure to implement SORNA, 2) violation of due process, 3) violation of the Ex Post Facto Clause, 4) violation of the Nondelegation Doctrine, 5) violation of the Commerce Clause, and 6) violation of the Tenth Amendment.  In a supplemental filing, Defendant informed the Court that the Tenth Circuit had issued two opinions on point, and while Defendant preserved all arguments for further review, he conceded that these opinions decided all of the issues raised except the Commerce Clause and Tenth Amendment issues.  *See United States v. Hinckley*, No. 07-7107, 2008 WL 5146353 (10th Cir. Dec. 9, 2008); *United States v. Lawrance*, No. 08-6034, 2008 WL 5123846 (10th Cir. Dec. 8, 2008).  After reviewing the opinions, I agree with Defendant and must dismiss those arguments, leaving only the Commerce Clause and Tenth Amendment arguments for me to address.

**A. Background on SORNA**

The Sex Offender Registration and Notification Act was signed into law on July 27, 2006.  The Act requires every jurisdiction to maintain a sex offender registry conforming to requirements determined by the Attorney General.  42 U.S.C. § 16912.  Under the Act, every sex offender must register in the jurisdiction of residence and must re-register after a change of address within three business days.  42 U.S.C. § 16913.  SORNA's criminal provision, and specifically in this case 18 U.S.C. § 2250(a)(2)(A), subjects to imprisonment of no more than ten years a defendant who: (1) was required to register under SORNA, (2) was required to register because of a conviction under federal law, and (3) knowingly failed to register or update a registration required by

SORNA. *See United States v. Elmer*, Criminal Action No. 08-20033-01-KHV, 2008 WL 4369310, at *3 & n.4 (D. Kan. Sept. 23, 2008). SORNA is retroactively applicable to individuals whose prior sex offense convictions occurred before its enactment. *See* 28 C.F.R. § 72.3.

**B. Commerce Clause**

Defendant argues that his prosecution under § 2250(a)(2)(A) violates the Commerce Clause, and he argues that Congress has provided no alternative valid basis for its enactment. Defendant had been convicted of a sex offense under federal law and is being prosecuted under § 2250(a)(2)(A), and thus there is no Commerce Clause issue in this case. As the Western District of Texas recently held:

> [D]efendants indicted under § 2250(a)(2)(A) are held accountable for violations of federal - not state - law, which falls squarely within Congress' exclusive jurisdiction. As state laws are not implicated, Congress' Commerce Clause authority, granting Congress the power "to regulate Commerce with foreign Nations, and among the several States" does not represent the underlying principle through which Congress drafted § 2250(a)(2)(A). . . . In short, Defendant does not have standing to raise an attack on Commerce Clause grounds as he was convicted under federal law.

*United States v. Santana*, No. EP-08-CR-978-CB, 2008 WL 4786637, at *3 (W.D. Tex., October 31, 2008) (citation omitted); *see also United States v. Reeder*, No. EP-08-CR-977-DB, 2008 WL 4790114, at *3 (W.D. Tex. Oct. 31, 2008) (same); *United States v. Senogles*, 570 F. Supp. 2d 1134, 1147 (D. Minn. 2008) ("[T]he provisions of Section 2250(a)(2)(A) do not raise Commerce Clause concerns, as they require that the defendant have a previous conviction under federal law."); *United States v. Ditomasso*, 552 F.Supp.2d 233, 245 n.7 (D.R.I. 2008) ("The alternative jurisdictional 'hook' [to the

Commerce Clause] in section 2250 is the defendant's conviction for sex offenses under a federal law. 18 U.S.C. § 2250(a)(2)(A)."); *United States v. David*, No. 1:08CR11, 2008 WL 2045830, at *8 n.11 (W.D.N.C. May 12, 2008) (finding that section 2250(a)(2)(A)'s category of individuals who have been convicted of a sex offense under federal law "has no Commerce Clause implications.").

Like the other district courts that my research has revealed to have addressed the issue, I find that § 2250(a)(2)(A) raises no Commerce Clause implications. Furthermore, I find that Congress plainly has the authority to criminalize the failure to register based on a prior federal sex offense conviction, and I find that Congress does not need to provide any outside source of authority for this legislation. Accordingly, I find that Defendant's prosecution under § 2250(a)(2)(A) does not violate the Commerce Clause.

**C. Tenth Amendment**

Defendant also argues that SORNA violates the Tenth Amendment because Congress cannot compel local law enforcement to accept registrations from federally mandated sex offender programs. *See Printz v. United States*, 521 U.S. 898, 935 (1997) (finding that under the Tenth Amendment, federal officials cannot conscript or commandeer state officials to administer or enforce a federal regulatory program). Every court that my research has revealed to have heard this argument has rejected it. *See, e.g.*, *United States v. Zuniga*, No. 4:07CR3156, 2008 WL 2184118, at *19-20 (D. Neb. May 23, 2008). The Tenth Amendment provides that "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the

States respectively, or to the people." U.S. Const. amend. X. The purpose of the Tenth Amendment is to protect states from encroachment by the federal government. *See Tenn. Elec. Power Co. v. Tenn. Valley Auth.*, 306 U.S. 118, 144 (1939). Defendant does not have standing to bring this claim. As the Tenth Amendment protects state rights, private citizens lack standing to raise a Tenth Amendment claim. *See id.*; *United States v. Parker*, 362 F.3d 1279, 1284 (10th Cir. 2004) ("[P]rivate plaintiffs do not have standing to bring Tenth Amendment claims when their interests are not aligned with the state's interests.").

## CONCLUSION

Based upon the foregoing, it is hereby

ORDERED that Defendant Alden Yelloweagle's Motion to Dismiss Indictment Based upon Colorado's Failure to Implement the Sex Offender Registration and Notification Act, Due Process Violations, Violation of the Non-Delegation Doctrine, and Tenth Amendment Violations [doc. #17, filed October 9, 2008] is **DENIED**. It is further

ORDERED that Defendant Alden Yelloweagle's Resubmitted Motion to Dismiss Indictment Based upon Commerce Clause Violations [doc. #20, file October 16, 2008] is **DENIED**.

Dated: December 23, 2008.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge