UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 08-cr-00364-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ALDEN YELLOWEAGLE,

    Defendant.

**ORDER**

THIS MATTER comes before following on three alleged violations of supervised release. After holding several hearings, analyzing the applicable law and the arguments of counsel, I make the following findings:

**I.    Background**

On June 4, 2009, Defendant Alden Yelloweagle pleaded guilty to failure to register as a sex offender in violation of 18 U.S.C. § 2250. Mr. Yelloweagle was sentenced to fifteen months imprisonment to be followed by a two-year term of supervised release. As a condition of his supervision, Mr. Yelloweagle was required to "participate in an approved program of sex offender evaluation and treatment, which may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer... [and] shall comply with the rules and restrictions specified by the treatment agency." On December 11, 2009, Mr. Yelloweagle's Probation Officer, Erika Coster, petitioned for an arrest warrant on the grounds that Mr. Yelloweagle had failed to participate in a sex offender treatment program and failed to participate in drug and alcohol abuse testing. I held a hearing on

January 28, 2010 to address these issues and ultimately continued the hearing and modified the terms of Mr. Yelloweagle's supervision to include a special condition that he reside in a residential re-entry center for 180 days. On August 3, 2010, Mr. Yelloweagle's new Probation Officer, Garret Pfalmer, petitioned for an arrest warrant on the additional ground that Mr. Yelloweagle had failed to participate in a sex offender treatment program.

**II.    LEGAL STANDARD**

A hearing on a supervised release violation is conducted pursuant to Federal Rule of Criminal Procedure 32.1(b). A Defendant is permitted an opportunity to present evidence, question adverse witnesses and to make a statement in mitigation. FED. R. CRIM. P. 32.1(b)(2)(C) and (E). The Court's disposition of the case is governed by 18 U.S.C. § 3583. *See* FED. R. CRIM. P. 32.1(d). Section 3583 provides a term of supervised release may be revoked if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release". 18 U.S.C. § 3583(e)(3). "The burden of showing something by a preponderance of the evidence ... simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence." *Concrete Pipe & Products of Cal., Inc. v. Construction Laborers Pension Trust for Southern Cal.*, 508 U.S. 602, 622 (1993). Unlike other standards of proof such as reasonable doubt or clear and convincing evidence, the preponderance standard "allows both parties to share the risk of error in roughly equal fashion," *Herman & MacLean v. Huddleston*, 459 U.S. 375, 390 (1983) (internal quotation marks omitted), except that "when the evidence is evenly balanced, the [party with the burden of persuasion] must lose," *Director, Office of Workers' Compensation Programs v. Greenwich Collieries*, 512 U.S. 267,

281 (1994).

## III. LEGAL ANALYSIS

I begin my analysis with the third alleged violation of supervision for failure to participate in sex offender treatment on July 20, 2010. Here, Mr. Yelloweagle's term of supervised release included as a condition of supervision the following:

> The defendant shall participate in an approved program of sex offender evaluation and treatment, which may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer. The defendant will be required to pay the cost of these evaluations and treatment. The defendant shall comply with the rules and restrictions specified by the treatment agency. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for the continuity of treatment.

The evidence at the hearing established that Mr. Yelloweagle failed to attend a treatment session on May 12, 2010, failed a polygraph exam, failed to complete a homework assignment on July 8, 2010 and failed to make progress within the RSA treatment program. Further, Mr. Yelloweagle was unsuccessfully discharged from the RSA Program when he failed to make a statement of accountability and failed to produce non-deceptive results on a polygraph exam. Based on the totality of the fact pattern, I find that Mr. Yelloweagle failed to participate in the sex offender treatment program. *United States v. Metzener*, 584 F.3d 928 (10th Cir. 2009). The deceptive polygraph, the noncompliant behavior (missing meeting and not completing homework), the failure to disclose or admit his offense conduct, and the complete and total denial of his sex offender status, when considered together, support a finding that Mr. Yelloweagle did not fully participate and also failed to comply with the rules and restrictions specified by RSA. The Government has therefore demonstrated that Mr. Yelloweagle committed the third alleged violation of supervision by

a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3).

All three of Mr. Yelloweagle's alleged violations of supervision at issue here are Grade C violations. Because I have concluded that Mr. Yelloweagle committed the third alleged violation, I have necessarily determined that Mr. Yelloweagle has committed a Grade C violation. This ruling obviates the need for me to analyze whether the Government has met its burden with respect to the first and second alleged violations of supervision, as such analysis would merely duplicate my conclusion that Mr. Yelloweagle committed a Grade C violation.

## IV. CONCLUSION

Accordingly, I find, based on the evidence presented, that the Defendant has violated the conditions of supervised release as alleged in the probation officer's petition and set forth above. I find that Defendant has committed a Grade C violation and the Defendant's criminal history category is III, which results in a range of imprisonment of five (5) to eleven (11) months under the policy statements issued by the Sentencing Commission.

Based on my finding that the Defendant has violated the conditions of supervised release as alleged in the probation officer's petition, it is ordered and adjudged that the Defendant's supervised release is revoked and Defendant is sentenced to time served. No additional term of supervision is imposed.

The Defendant is advised of his right to appeal the sentence. If the Defendant desires to appeal, a notice of appeal must be filed with the clerk of the Court within 14 days after the entry of judgment or the right to appeal will be lost. If the Defendant is unable to afford an attorney for an appeal, the Court will appoint one to represent him. If the

Defendant so requests, the clerk of the Court must immediately prepare and file a notice of appeal on behalf of the Defendant.

Dated: October 8, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge